UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN ROBERT BLAZER,

                Plaintiff,

      v.                                                  Case No. 20-cv-0480-bhl

BEST BEE BROTHERS LLC,
RSP INC,

                Defendants.

## ORDER DENYING MOTION FOR ATTORNEY'S FEES

      Defendants Best Bee Brothers, LLC and RSP, Inc. ask the Court to order Plaintiff Brian Robert Blazer to pay their attorneys' fees in this patent infringement case. Invoking Fed. R. Civ. P. 54(d)(2), Defendants argue they are entitled to a fee award because this case is "exceptional" within the meaning of 35 U.S.C. §285. (ECF No. 43.) Because the Court finds nothing exceptional about the way Plaintiff conducted this litigation, the motion will be denied.

## LEGAL STANDARD

      In patent infringement litigation, district courts are expressly authorized to award reasonable attorneys' fees to prevailing parties in "exceptional cases." *See* 35 U.S.C. §285. An exceptional case is "one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). More specifically, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555. In addition, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* Ultimately, district courts "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod.,*

*Inc.*, 790 F.3d 1369, 1372 (Fed. Cir. 2015). But, importantly, "[a] party's position on issues of law ultimately need not be correct for them to not 'stand out,' or be found reasonable." *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015).

## ANALYSIS

Defendants propose two bases on which the Court may find this case "exceptional": (1) "[t]he plaintiff's claim of infringement was so meritless that the court was able to grant summary judgment of non-infringement without the need for any discovery" (ECF No. 43 at 1); (2) "plaintiff pressed his infringement claim not only against the defendants in this case, but . . . also embarked on a campaign to disrupt and destroy defendants' business with their customers." (*Id.*) Because neither ground renders this case "exceptional," Defendants' motion will be denied.

**I.   The Court's Granting of Summary Judgment Without Discovery Does Not Reflect an Absence of Substantive Strength in Plaintiff's Litigating Position.**

Defendants correctly note that the Court resolved this case at summary judgment without the need for discovery. But they fail to acknowledge that such resolution is commonplace. In patent infringement cases, "[w]here the parties do not dispute any relevant facts regarding the accused product, but disagree over possible claim interpretations, the question of literal infringement collapses into claim construction and is amenable to summary judgment." *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997). Further, "[i]t is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, *i.e.,* the patent itself, including the claims, the specification and, if in evidence, the prosecution history." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996)). Axiomatically, no part of this intrinsic record requires discovery. Thus, in patent disputes like the one between Plaintiff and Defendants, resolution at summary judgment without discovery is well within the norm.

Defendants further protest that exceptionality in this case derives from the fact that "no reasonable litigant [in Plaintiff's position] could reasonably expect success on the merits." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013). They claim that Plaintiff should have known better than to pursue a claim based on his flimsy construction of "receptacle adapter." Defendants forget that the Court also rejected their construction. *Blazer v. Best Bee Brothers, LLC*, 2021 WL 4552784, at *3 (E.D. Wis. Oct. 5, 2021) ("Defendants' proposed

construction of 'receptacle adapter' is too narrow" and "excludes three of the six embodiments in the specification."). And a defendant "cannot fairly criticize [a plaintiff] for continuing to pursue a construction not adopted by the district court" when the court also declined to adopt the defendant's proposed construction. *Spineology, Inc. v. Wright Med. Tech., Inc.*, 910 F.3d 1227, 1229 (Fed. Cir. 2018). Defendants misconstrued "receptacle adapter" too. That the proper construction resulted in a finding of non-infringement no more makes Plaintiff's position exceptional than it does Defendants' position unexceptional. *See Octane*, 572 U.S. at 548 (Courts do not award section 258 attorney's fees "as a penalty for failure to win a patent infringement suit.").

II. **Plaintiff's Filing of a Related Suit in a Different Court and Attempts to Stop Defendants' Sales of Allegedly Infringing Products Do Not Support a Fee Award.**

"[T]here is a presumption that an assertion of infringement of a duly granted patent is made in good faith." *Medtronic Navigation, Inc. v. BrainLAB Medizinische Compersysteme GmbH*, 603 F.3d 943, 954 (Fed. Cir. 2010). "Clear and convincing evidence is required to overcome that presumption[.]" *Id.* Plaintiff in this case possessed a duly granted patent, so the Court presumes that he filed his infringement suit in good faith. To rebut the presumption, Defendants argue that Plaintiff's needlessly duplicative litigation and unfounded threats against Defendants' customers represent clear and convincing evidence of subjective bad faith. (ECF No. 43 at 7.) They state that "Plaintiff deliberately sought to disrupt and destroy [Defendants'] business relationship with [its] customers in an effort to either force [Defendants] to concede to plaintiff's unreasonable settlement demand or drive [Defendants] out of business." (*Id.* at 8.) This serious accusation is supported by decidedly less serious facts.

It is true that Plaintiff has filed another patent infringement lawsuit in Texas. *See Blazer v. The Home Depot U.S.A., Inc.*, Case No. 6:20-cv-285 (W.D. Tex., Waco Div.). But that lawsuit is against Home Depot for selling products, including Defendants' bee traps, that allegedly infringe Plaintiff's patent. Defendants cite no law for the proposition that filing a separate patent infringement suit against a different defendant in a different jurisdiction represents bad faith conduct. They claim that they were forced to retain counsel in Texas to defend the suit (ECF No. 43 at 3-4), even though neither Best Bee Brothers, LLC nor RSP, Inc. is a defendant or intervenor in that case. Defendants' hiring of counsel to coordinate with Home Depot in the Texas case hardly seems the culmination of Plaintiff's alleged plot to destroy Defendants and run them out of

business. And any bad faith conduct in connection with that lawsuit should be addressed by the Texas court, not this one.

Similarly, the so-called unfounded threats Plaintiff issued to Defendants' customers were simply complaints Plaintiff made to Amazon, Home Depot, Walmart, True Value, and Do it Best hardware store, asserting his position on his patent rights. (ECF No. 43 at 2-3.) These complaints reflected Plaintiff's genuine belief that those companies were infringing his patent by selling Defendants' bee traps. While Plaintiff was wrong on the merits, it is neither exceptional nor an act of bad faith to defend a patent the patentholder believes to have been infringed. That is the point of a patent after all. *Patent*, BLACK'S LAW DICTIONARY (11th ed. 2019) (A patent is "[t]he right to exclude others from making, using, marketing, selling, offering for sale, or importing an invention for a specified period of time."). And one who knowingly permits patent infringement risks losing his patent altogether. Timothy K. Kroninger, *Enforce Your Intellectual Property or Risk Losing It*, Varnum Law (Feb. 26, 2018), https://www.varnumlaw.com/insights/enforce-your-intellectual-property-or-risk-losing-it/ ("If you don't take adequate or sufficient, reasonable means to protect and enforce your IP, then you run the risk of losing your IP rights."). Once again, while Plaintiff's interpretation of Defendants' patent was incorrect, "fees are not awarded solely because one party's position did not prevail." *Gaymar Indus.*, 790 F.3d at 1373. The Court does not find Plaintiff's position objectively unreasonable, so his failure to prevail at summary judgment is not sufficient to entitle Defendants to attorney's fees.

## CONCLUSION

On October 5, 2021, the Court granted Defendants' motion for summary judgment, concluding that no reasonable trier of fact could find that Defendants' bee traps infringed Plaintiff's patents. (ECF No. 34.) In reaching this conclusion, the Court employed basic principles of claim construction and infringement analysis. It reviewed the intrinsic evidence, construed the disputed term "receptacle adapter," and compared the patents. (*Id.*) Two weeks later, Defendants moved for attorney's fees on the grounds that the case was "exceptional." Notwithstanding Defendants' repeated labeling of Plaintiff's conduct as "exceptional," the record shows nothing particularly unusual about this case or Plaintiff's prosecution of it. Therefore, the motion for attorney's fees is denied.

**IT IS HEREBY ORDERED** that Defendants' motion for attorney's fees under Fed. R. Civ. P. 54(d)(2) (ECF No. 43) is **DENIED**.

Dated at Milwaukee, Wisconsin on January 24, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge